UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORA LORETTA BELL,

      Plaintiff,

v.                                          CASE NO. 8:16-cv-2711-T-27MAP

NANCY BERRYHILL,
Acting Commissioner of Social Security,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the Commissioner's decision denying her claim for disability insurance benefits (DIB). She makes three arguments on appeal: (1) the ALJ did not reasonably rely on the vocational expert's testimony, (2) the ALJ erred by failing to weigh the opinion of a state agency psychological consultant, and (3) the ALJ erred by failing to obtain a medical expert during the hearing. After considering the record, I recommend the Commissioner's decision be affirmed and the complaint be dismissed.[1]

    *A. Background*

Plaintiff, who was 62 years old at the time of the administrative hearing, attended college, and has past relevant work as a telephone solicitor. She alleges she has been unable to work since September 20, 2011, due to depression, chronic low back pain, high blood

---

[1] This matter was referred to me under Local Rule 6.01(c)(21).

pressure, and thyroid issues. The ALJ found her left leg injury, multinodular goiter, obesity, major depressive disorder, PTSD, and cannabis abuse to be severe. Nonetheless, the ALJ concluded with aid of vocational expert that the impairments did not prohibit her from doing her past relevant work. Plaintiff administratively appealed, and the Appeals Council denied review. With ALJ's decision being the Commissioner's final one, Plaintiff filed this action seeking judicial review.

*B. Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one

that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    C. Discussion

        *1. VE Testimony*

Plaintiff's first argument is that the ALJ erred by relying on the vocational expert's testimony, which was inconsistent with the Dictionary of Occupational Titles and Plaintiff's RFC. SSR 00-4p states that when a VE provides evidence about the requirements of a job or occupation, the ALJ has an affirmative responsibility to ask about any possible conflict between that VE's testimony and the Dictionary of Occupational Titles. SSR 00-4p. Recognizing that the DOT is neither comprehensive nor dispositive, the Eleventh Circuit has held that, when the two are inconsistent, the VE's testimony "trumps" the DOT. *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999).

According to Plaintiff, the ALJ should have concluded that Plaintiff cannot perform her past prior work as a telephone solicitor because she only has the residual functional capacity to frequently interact with the public and the DOT reveals that the job requires constant interaction with the public. But the ALJ asked the VE whether his testimony was consistent with the DOT and the VE confirmed that it was (R. 64). Thus, the ALJ performed all that is required under SSR 00-4p. In other words, once a VE testifies that his testimony is consistent with the DOT, as the VE did here, the ALJ is not under an obligation to inquire further, or to investigate potential conflicts that were not raised at the hearing. *Marley v. Comm'r of Soc. Sec.*, No. 8:13-CV-2384-T-CM, 2015 WL 847376, at *1 (M.D. Fla. Feb. 26, 2015). Thus, the ALJ did not commit error by relying on the VE's testimony.

### 2. Dr. Annis's Opinion

Plaintiff next claims that, when forming the RFC, the ALJ erred by failing to consider and weigh the opinion of state agency psychological consultant Dr. Annis. Dr. Annis opined

4

that Plaintiff was moderately limited in her ability to get along with co-workers and peers and stated that Plaintiff "may be best suited for gainful employment in environments with limited interaction with coworkers and the general public" (R. 120). The Commissioner admits the ALJ failed to weigh this opinion, but maintains that the error is harmless. I agree.

The opinion of a non-examining state agency medical consultant is generally entitled to little weight. *Putman v. Soc. Sec. Admin., Comm'r*, No. 16-17223, __ Fed. App'x __, 2017 WL 4119042, at *2 (11th Cir. Sept. 18, 2017) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)); 20 C.F.R. §§ 404.1527(e), 404.1513a(b)(1). This is especially true when the opinion does not accord with the medical records. *Id.* Such is the case here.

The medical records show that Plaintiff self-reported a long history of anger issues stemming from childhood abuse (R. 458). However, the only sustained mental health treatment was a four month program for anxiety and depression at Directions for Mental Health from November 21, 2011, to March 8, 2012 (R. 389-392). For the first few months of her treatment, Plaintiff displayed an angry mood and aggressiveness (R. 455, 456). In February 2012, she reported that she was coming out of her depression as a result of her grandson moving out of the house (R. 454). Her counselor noted then that Plaintiff had a euthymic mood and was able to verbalize the situation without becoming aggressive (*id.*). Upon discharge the following month, the center noted that she had benefitted from therapy to decrease the frequency and intensity of her anger (R. 391).

Thus, the records are inconsistent with Dr. Annis's opinion that Plaintiff only has the RFC for limited interaction with co-workers and the public. The error in failing to assign the

opinion weight was harmless; there is nothing to be gained by remanding the case so that the ALJ can explicitly assign weight.

### 3. Failure to Obtain Medical Expert

Plaintiff finally argues that the ALJ erred by failing to utilize a medical expert to identify the date of onset, as required by SSR 83-20. SSR 83-20 "prescribes the policy and procedure by which the Commissioner should determine the onset date of a disability." *Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 938 (11th Cir. 2014). The regulation explains that, in some cases where precise evidence about the onset date is unavailable, the ALJ should call on the services of a medical advisor to determine the date. SSR 83-20. Plaintiff suggests such was necessary here. Even if that were the case, the Eleventh Circuit has held that SSR 83-20 only applies after there has been a finding of disability. *Caces*, 560 F. App'x at 939 (11th Cir. 2014). Because the ALJ did not make a finding of disability, SSR 83-20 is inapplicable and the ALJ did not err by failing to obtain a medical expert.

### D. Conclusion

I recommend the Commissioner's decision be affirmed and the complaint be dismissed.

IT IS SO REPORTED at Tampa, Florida on October 26, 2017.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.